IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-361-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BILLY RAY SPEIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 5 December 2012, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Wilson County Police Department. Defendant presented the testimony of the proposed third-party custodian, his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a two-count indictment on 8 November 2012 with: possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2)(ct. 1); and possession of a

firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 2). The alleged offense date in each count is 24 May 2012.

The evidence presented at the hearing showed that the charges arise from the stop of the car defendant was driving for running a stop sign. He fled from the car into his apartment, but came back out after officers asked his girlfriend, who was at the residence, to retrieve him. A consent search of the car defendant had been driving revealed a pistol in the glove box. The pistol had been stolen.

In a post-arrest statement, defendant said he fled because he had marijuana and cocaine with him, which he flushed down the toilet. He admitted to buying the pistol. At the time, defendant had a felony conviction for voluntary manslaughter pursuant to a guilty plea. (Defendant had initially been charged with murder and robbery with a dangerous weapon.) He had served a prison term from November 2001 until June 2007 for the crime, followed by parole until March 2008.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including their alleged commission after an extended period of imprisonment, the stolen nature of the firearm involved, defendant's admitted possession of illicit drugs at the time of his possession of the pistol, and his subsequent destruction of the drugs in an effort to avoid prosecution for them; defendant's status as a convicted killer; his failure to appear in two cases; the risk of further gun possession and violence by defendant if released; the unsuitability of the proposed third-party custodial

arrangement due to the absence of the proposed custodian from the home on a regular basis for fulltime work and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of December 2012.

James E. Gates
United States Magistrate Judge